IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**REGINALD DEWAYNE DUKE**                                                       **PLAINTIFF**
**ADC #92980**

v.                              No: 5:17-cv-00106 KGB-PSH

**STEVEN SPRINGFELLOW**                                                       **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Reginald Dewayne Duke filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Defendant Dr. Steven Stringfellow (Doc. No. 2). On November 3, 2017, Dr. Stringfellow filed a motion to dismiss this case due to Duke's failure to prosecute (Doc. No. 21). Defendant's counsel states that correspondence to Duke has been returned as undelivered, and that it appeared Duke had been paroled but not updated his address as required by Local Rule 5.5 and this Court's Initial Order for *Pro Se* Prisoner-Plaintiffs (Doc. No. 7). Dr. Stringfellow's motion to dismiss was

mailed to Duke at the Arkansas Department of Corrections (ADC), Varner Supermax Unit. *See* Doc. No. 21 at 3.

On November 3, 2017, the Court entered a text order allowing Duke 14 days to respond to Dr. Stringfellow's motion to dismiss. *See* Doc. No. 23. A printed version of the text order was mailed to Duke at the Varner Supermax Unit. On November 14, 2017, the envelope containing the text order could not be delivered to Duke at the Varner Supermax Unit, and the envelope was returned to the Clerk of the Court and entered on the docket. *See* Doc. No. 24. The Court then entered another text order giving Duke 30 days to update his address. *See* Doc. No. 25. A printed version of the text order was mailed to Duke at the Varner Supermax Unit. On November 22, 2017, the envelope containing the text order could not be delivered to Duke at the Varner Supermax Unit, and the envelope was returned to the Clerk of the Court and entered on the docket. *See* Doc. No. 26.

More than 14 days have passed since Dr. Stringfellow filed his motion to dismiss, and Duke has not filed a response. More than 30 days have passed since the Court ordered Duke to update his address, and he has not done so. Duke also failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2). *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that Duke's complaint (Doc. No. 2) be dismissed without prejudice.

DATED this 20th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE